UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN MAYCROFT,

       Plaintiff,                              Hon. Ellen S. Carmody

v.                                                Case No. 1:16-CV-708

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## **OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 8). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

# STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 46 years of age on her alleged disability onset date. (PageID.164). She successfully completed high school and worked previously as a secretary. (PageID.40). Plaintiff applied for benefits on November 1, 2013, alleging that she had been disabled since September 1, 2008, due to high blood pressure, fibromyalgia, thyroid impairment, shoulder surgery, arthritis, and depression. (PageID.164-70, 191). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.89-162). On November 28, 2014, Plaintiff appeared before ALJ James Prothro with testimony being offered by Plaintiff and a vocational expert. (PageID.48-87). In a written decision dated December 12, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.33-42). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (PageID.25-27). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2013. (PageID.35); *see also*, 42 U.S.C. § 423(c)(1). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) anxiety-related disorder; (2) depression NOS; (3) lumbar degenerative disc disease (mild); (4) myofascial back pain; (5) obesity with history of bariatric surgery performed in 2002; (6) status post right shoulder surgery and joint degeneration in that region; (7) status post surgery to reduce pannus and a colon dysfunction, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.35-38).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can stand/walk for two hours of an 8-hour workday; (2) she can sit for six hours of an 8-hour workday; (3) she can occasionally climb and balance; (4) she can frequently reach overhead bilaterally; and (5) she is limited to simple work and occasional contact with the public. (PageID.38).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant

5

can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 155,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.80-87). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

**I.       The ALJ's RFC Assessment is Supported by Substantial Evidence**

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that she is entitled to relief on the ground that the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff advances two arguments: (1) the ALJ improperly failed to obtain medical opinion evidence regarding her residual functional capacity; and (2) she is limited to sedentary work.

1.      Single Decision Maker

In the parlance of the Social Security Administration, a Single Decision Maker (SDM) is a non-physician records reviewer who, under the Social Security Administration's "streamlined disability determination model," makes the initial disability determination. *See White v. Commissioner of Social Security*, 2013 WL 4414727 at *4 (E.D. Mich., Aug. 14, 2013). The SDM model is an experimental, streamlined procedure that eliminates the reconsideration level of review and allows claims to go directly from the initial denial to ALJ hearing. *Lindsey v. Commissioner of Social Security*, 2013 WL 6095545 at *6 (E.D. Mich., Nov. 20, 2013). It also permits "the state agency employee (the single decisionmaker) to render the initial denial of benefits without documenting medical opinions from the state agency medical consultants." *Ibid.* The initial determination to deny Plaintiff's claim for benefits was made by a SDM. (PageID.101). Plaintiff argues that the ALJ erred by failing to supplement the SDM's conclusion with an opinion from a medical doctor.

Contrary to Plaintiff's suggestion, the ALJ was not obligated to obtain the opinion of a medical professional before determining her RFC. As the Sixth Circuit has observed, there is no authority which requires an ALJ to obtain the opinion of a medical professional before determining a claimant's RFC or ruling on her application for benefits. *See Brown v. Commissioner of Social Security*, 602 Fed. Appx. 328, 331 (6th Cir., May 8, 2015); *see also, Kornoelje-Cogswell v. Commissioner of Social Security*, 2017 WL 2374509 at * (W.D. Mich., June 1, 2017) ("[i]t is plain the ALJ acted squarely within his authority by determining the RFC based on the objective record and Plaintiff's testimony"). This argument is, therefore, rejected.

2. Plaintiff's RFC

Plaintiff takes issue with the ALJ's conclusion that she can perform a limited range of light work. Specifically, Plaintiff argues that she is not capable of lifting up to 20 pounds which light work entails. Plaintiff also argues that she suffers from greater non-exertional limitations than the ALJ recognized. The Court is not persuaded, however, and finds that the ALJ's RFC determination is supported by substantial evidence.

Plaintiff underwent right shoulder surgery in April 2007. (PageID.246-47). The ALJ acknowledged this and accounted for such in his RFC assessment. There is nothing in the record to suggest that this surgery was unsuccessful. Moreover, Plaintiff's care providers did not subsequently impose on Plaintiff limitations which are inconsistent with Plaintiff's RFC. With respect to Plaintiff's complaints of back pain, the objective medical record supports the ALJ's decision. MRIs and x-rays of Plaintiff's lumbar spine revealed "mild" degenerative disease at L3-4 and L4-5 with "no disc hernia or spinal stenosis." (PageID.328, 635). MRIs and x-rays of Plaintiff's thoracic spine were "negative." (PageID.326-27). Multiple examinations from 2012 through 2014 revealed that Plaintiff was "doing well" and that her pain was "well controlled" with medication. (PageID.560, 574, 577, 579, 581, 647). As for Plaintiff's non-exertional impairments, a psychological consultation revealed that Plaintiff suffered from a depressive disorder, but that such did not preclude her from performing "simple unskilled employment." (PageID.318-23). The medical record is consistent with this assessment and none of Plaintiff's care providers have imposed on Plaintiff greater non-exertional limitations than those acknowledged by the ALJ.

In sum, the ALJ's RFC determination is supported by substantial evidence. The Court further notes that even if Plaintiff were limited to sedentary work as she argues, the result

would be the same as the vocational expert testified that if Plaintiff were limited to sedentary work there existed approximately 151,000 jobs in the national economy which Plaintiff could perform consistent with her limitations.

**II.        Medical-Vocational Guidelines**

The medical-vocational guidelines, also known as the "grids," consider four factors relevant to a particular claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if she satisfies the requirements of one of the particular rules correlating to a finding of disability. *See, e.g., Branon v. Commissioner of Social Security*, 539 Fed. Appx. 675, 679 (6th Cir., Oct. 2, 2013).

Plaintiff argues that she should be awarded benefits pursuant to Grids Rule 201.14 which applies to claimants who are limited to sedentary work. Plaintiff's claim fails for two reasons. First, as discussed above, the ALJ's determination that Plaintiff can perform a range of light work is supported by substantial evidence. Thus, Rule 201.14 is not applicable. Second, even if Plaintiff were limited to sedentary work, Rule 201.14 is not applicable to Plaintiff's circumstance.

Rule 201.14 applies where a claimant's previous work experience is characterized as "skilled or semiskilled - skills not transferrable." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201.14. The vocational expert, however, specifically testified that Plaintiff, as a result of her

9

previous work experience, possessed skills which transferred to other jobs which existed in significant numbers. (PageID.59-60). Grids Rule 201.15 applies where a claimant's previous work experience is characterized as "skilled or semiskilled - skills transferrable." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201.15. Rule 201.15, however, directs a finding of "not disabled." Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Date: July 12, 2017                                 /s/ Ellen S. Carmody
                                                                           ELLEN S. CARMODY
                                                                           United States Magistrate Judge